# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ernest Lee Coleman,<br><br>    Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV-14-02432-PHX-PGR (JZB)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE PAUL G. ROSENBLATT, SENIOR UNITED STATES DISTRICT JUDGE:

Petitioner Ernest Lee Coleman has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.)

## I. SUMMARY OF CONCLUSION

On April 18, 2008, Petitioner was sentenced after a jury trial. Petitioner's AEDPA clock ran from August 10, 2010 (the date the judgment became final after direct appeal) to March 11, 2011 (the date of Petitioner's first PCR notice), which was 213 days. The clock was tolled from March 11, 2011 to February 14, 2012 (the date the trial court dismissed Petitioner's PCR notice because Petitioner never filed a petition). The instant Petition was due 152 days later (July 15, 2012), but it was not filed until November 3, 2014. Because there are no grounds for equitable tolling, the Court concludes that Petitioner's claims are untimely. Therefore, the Court will recommend that the Petition be denied and dismissed with prejudice.

## II. BACKGROUND

### a. Facts of the Crimes

In disposing of Petitioner's direct appeal, the Arizona Court of Appeals summarized the facts as follows:

> On April 12, 2006, Coleman approached an undercover officer and asked if he would like to buy a "G-Ride," also known as a stolen vehicle. The officer expressed interest, and an exchange was arranged. At the appointed time and place, Coleman directed the officer toward a 1993 Nissan Sentra that had been reported stolen two days before. Coleman showed the officer how to use a screwdriver to manipulate the lock in the cracked steering wheel column in order to start the car. Coleman accepted $300 from the officer in exchange for the car. A police undercover team videotaped the entire transaction.
>
> On April 20, the same undercover officer arranged a meeting to buy another vehicle. Coleman was present at the meeting and declared his desire to be the middleman. A Ford Escort was produced; it too had been reported stolen. The officer gave Coleman $200; he also gave the other person $100 in exchange for the car. This transaction also was videotaped by an undercover team.

(Doc. 8-1, Ex. A, at 3.)

### b. Charges, Convictions, and Sentencing of Petitioner

Coleman was indicted and arraigned on December 11, 2006, on two counts of trafficking in stolen property in the second degree. (Doc. 8-1, Ex. A, at 3.) A jury trial began on December 17, 2007, and the jury found Petitioner guilty as charged. (*Id.*) On April 18, 2008, Petitioner was sentenced. (Doc. 8-1, Ex. H, at 29.) The State proved Petitioner had two historical prior felony convictions. (Doc. 8-1, Ex. A, at 3.) Petitioner was sentenced to presumptive, concurrent terms of 11.25 years imprisonment. (*Id.*)

### c. Petitioner's Direct Appeal

On July 6, 2010, the Arizona Court of Appeals affirmed Petitioner's convictions. The court found that Petitioner's right to a speedy trial was not violated and the trial court did not abuse its discretion in denying Petitioner's request for hybrid representation. (Doc. 8-1, Ex. A, at 5.) The court also "reviewed the entire record for reversible error" and found none. (*Id.* at 6.) Petitioner did not appeal to the Arizona Supreme Court. (Doc.

1 at 3.)

### d. Petitioner's First Post-Conviction Relief Proceeding

On March 11, 2011, Petitioner filed a pro se PCR Notice. (Doc. 8-1, Ex. B, at 8.) On May 10, 2011, Petitioner's counsel filed a notice with the trial court stating that counsel had reviewed the entire record and was "unable to discern any colorable claim upon which to base a Petition for Post-Conviction Relief." (Doc. 8-1, Ex. C, at 12.) Counsel requested a 45-day extension of time to allow Petitioner to file a *pro se* pleading. (*Id.*) The court gave Petitioner until December 12, 2011, to file his PCR petition. (Doc. 8-1, Ex. D, at 15.) On February 14, 2012, the trial court dismissed Petitioner's PCR proceeding because Petitioner "has not filed any petition." (Doc. 8-1, Ex. E. at 18.)

On June 8, 2012, Petitioner filed a petition for review with the Arizona Court of Appeals. On June 15, 2012, the court dismissed the petition for review as "untimely." (Doc. 8-1, Ex. F, at 20.) The court noted that the "trial court may 'after being presented with proper evidence, allow a late filing,' if it finds that petitioner was not responsible for the untimely filing." (*Id.*) There is no record before the Court that Petitioner subsequently filed a petition or presented evidence to allow for a late filing.

### e. Petitioner's Second Post-Conviction Relief Proceeding

On May 12, 2014, Petitioner filed a second Notice of Post-Conviction Relief. (Doc. 8-1, Ex. G, at 24.) On June 24, 2014, the trial court dismissed the proceeding as "both untimely and successive." (Doc. 8-1, Ex. H, at 29.) The court found that "Defendant's notice of post-conviction relief does not state any claims for which Rule 32 can provide relief." (*Id.*)

### f. Petitioner's Federal Habeas Petition

On November 3, 2014, Petitioner filed this Petition. (Doc. 1.) On May 11, 2015, Respondents filed a Limited Answer to the Petition. (Doc. 8.) Petitioner did not file a Reply. Petitioner raises the following grounds for relief:

1. Petitioner's "defense was harmed" due to a violation of his right to a speedy trial;

- 3 -

    2. The jury instruction regarding premeditation incorrectly required no "actual reflection" in violation of Petitioner's Sixth and Fourteenth Amendment rights;

    3. The trial court failed to strike the entire jury panel after a prospective juror made a prejudicial comment; and

    4. Petitioner was denied a right to counsel in his PCR proceedings.

(Doc. 1.)

### III.   THE PETITION IS UNTIMELY.

The writ of habeas corpus affords relief to persons in custody pursuant to the judgment of a state court in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2241(c)(3), 2254(a). Petitions for Habeas Corpus are governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2244.

    **a. Time Calculation**

The AEDPA imposes a one-year limitation period, which begins to run "from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

On April 18, 2008, Petitioner was sentenced. (Doc. 8-1, Ex. H, at 29.) On July 6, 2010, the Arizona Court of Appeals affirmed Petitioner's convictions. (Doc. 8-1, Ex. A, at 5.) Petitioner then had 35 days to file a petition for discretionary review with the Arizona Supreme Court. *See* Ariz. R. Crim. P. 31.19(a) ("Within 30 days after the Court of Appeals issues its decision, any party may file a petition for review with the clerk of the Supreme Court . . . ."); Ariz. R. Crim. P. 1.3 (expanding time limits by five days after service by mail); *State v. Rabun*, 162 Ariz. 261, 782 P.2d 737 (1989). Because Petitioner did not file a petition for review, the judgment became final on August 10, 2010. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 656 (2012) ("[W]ith respect to a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' under § 2244(d)(1)(A) when the time for seeking such review expires . . . ."); *White v. Klitzkie*, 281 F.3d 920, 923 n. 4 (9th Cir. 2002) ("[I]t is the decision of the state appellate court,

rather than the ministerial act of entry of the mandate, that signals the conclusion of review."). Petitioner's AEDPA clock began running on August 10, 2010, which was the date the judgment became final. *See Hemmerle*, 495 F.3d at 1074 (stating "Hemmerle's direct appeal was final on . . . the date that he allowed his time for seeking review in the Supreme Court to expire.").

### b.  Statutory Tolling

The AEDPA provides for tolling of the limitations period when a "properly filed application for State post-conviction or other collateral relief with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). In Arizona, post-conviction review is pending once a notice of post-conviction relief is filed. *See Isley v. Arizona Dep't of Corr.*, 383 F.3d 1054, 1056 (9th Cir. 2004). *See also* Ariz. R. Crim. P. 32.4(a) ("A proceeding is commenced by timely filing a notice of post-conviction relief with the court in which the conviction occurred.").

On March 11, 2011, Petitioner filed a timely PCR Notice. (Doc. 8-1, Ex. B, at 8.)[1] The one-year deadline to file a federal habeas will be tolled while "a properly filed application for State post-conviction . . . review . . . is pending." 28 U.S.C. § 2244(d)(2). The trial court gave Petitioner until December 12, 2011 to file his PCR petition. (Doc. 8-1, Ex. D, at 15.) On February 14, 2012, the trial court dismissed Petitioner's PCR proceeding because Petitioner "has not filed any petition." (Doc. 8-1, Ex. E. at 18.)

The AEDPA clock ran from August 10, 2010 (the date the judgment became final) to March 11, 2011 (date of PCR notice), which was 213 days. Petitioner was entitled to statutory tolling from March 11, 2011 (date of PCR notice) through February 14, 2012 (dismissal of PCR proceeding). The clock resumed on February 14, 2012, and the instant

---

[1] The Mandate from Petitioner's direct appeal issued on March 23, 2011. (Doc. 8-1, Ex. H, at 29.) Pursuant to Ariz. R. Crim. P. 32.4(a), Petitioner's "notice must be filed within thirty days after the issuance of the order and mandate in the direct appeal, whichever is the later." Because Petitioner filed his PCR notice before the Mandate issued, the Court assumes Petitioner's notice was timely. The Court also notes that the trial court did not dismiss Petitioner's first PCR proceeding as untimely. Instead the record reflects that the trial court granted Petitioner until December 12, 2011 to file his PCR petition. (Doc. 8-1, Ex. D, at 15.)

- 5 -

Petition was due 152 days later. The instant Petition was due July 15, 2012.

On June 8, 2012, Petitioner filed an untimely petition for review with the Arizona Court of Appeals. (Doc. 8-1, Ex. F. at 20.) On June 15, 2012, the court of appeals dismissed the petition for review as "untimely." (*Id.*) This filing was not a "properly filed" state action for post-conviction relief because it was untimely. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("[W]e hold that time limits, no matter their form, are 'filing' conditions. Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)."). Once the AEDPA limitations period expires, a subsequently filed state post-conviction proceeding cannot restart the statute of limitations. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding that § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

Petitioner's second PCR proceeding also did not toll Petitioner's deadline. This filing was not a "properly filed" state action for post-conviction relief because it was dismissed as "both untimely and successive." (Doc. 8-1, Ex. H, at 29.). Petitioner's second PCR was not a continuation of the first PCR petition, thus gap tolling does not apply. *See King v. Roe*, 340 F.3d 821, 823 (9th Cir. 2003) (gap tolling between successive rounds of state proceedings only applies if second petition limited to seeking review of first petition). Petitioner never filed a petition in his first proceeding, and there were no merits to review in the second PCR petition. Although Petitioner does not argue for gap tolling, it nonetheless does not apply.

Here, the instant petition was due July 15, 2012, absent equitable tolling.

### c. Equitable Tolling

"A petitioner who seeks equitable tolling of AEDPA's 1–year filing deadline must show that (1) some 'extraordinary circumstance' prevented him from filing on time, and (2) he has diligently pursued his rights." *Holland v. Florida*, 560 U.S. 631, 649, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010)." *Luna v. Kernan*, 784 F.3d 640, 646 (9th Cir.

2015). The petitioner bears the burden of showing that equitable tolling should apply. *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005). Equitable tolling is only appropriate when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely habeas action. *Chaffer v. Prosper*, 592 F.3d 1046, 1048–49 (9th Cir. 2010). Equitable tolling is to be rarely granted. *See, e.g.*, *Waldron–Ramsey v. Pacholke,* 556 F.3d 1008, 1011 (9th Cir. 2009). Petitioner must show that "the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time." *Porter v. Ollison,* 620 F.3d 952, 959 (9th Cir. 2010). "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *Marcello*, 212 F.3d at 1010).

Here, Petitioner asserts no grounds for equitable tolling in his Petition. (Doc. 1.) In the Petition, regarding "timeliness of petition," Petitioner asserts "a 1-year period of limitation shall not apply for writ of habeas corpus by a person in state custody." (Doc. 1 at 11.) This is an incorrect statement of the law. *See* 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."). Petitioner was capable of filing this Petition within the deadline. *See Gaston v. Palmer*, 417 F.3d 1030, 1035 (9th Cir. 2005) (affirming conclusion that "[b]ecause [Gaston] was capable of preparing and filing state court petitions [during the limitations period], it appears that he was capable of preparing and filing a [federal] petition during the [same time]"); *Waldron–Ramsey*, 556 F.3d at 1014 (stating that petitioner "could have prepared a basic form habeas petition and filed it to satisfy the AEDPA deadline").

Petitioner's lack of knowledge of the habeas deadline does not warrant equitable tolling. A petitioner's *pro se* status, ignorance of the law, and lack of representation during the applicable filing period do not constitute circumstances justifying equitable tolling because such circumstances are not "extraordinary." *See Waldron–Ramsey*, 556 F.3d at 1013 n.4 ("a pro se petitioner's confusion or ignorance of the law is not, itself, a

1 circumstance warranting equitable tolling"), cert. denied, 558 U.S. 897 (2009); *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."); *Johnson v. United States*, 544 U.S. 295, 311 (2005) ("[W]e have never accepted pro se representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness.").

The Petition is untimely because it was not filed within the deadline established by 28 U.S.C. § 2244(d)(1). Absent equitable tolling or other exception, the Petition will be dismissed with prejudice, regardless of the margin of untimeliness. *See United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) (federal habeas petition submitted one day late was properly dismissed as untimely under AEDPA, noting that a "missed" deadline "is not grounds for equitable tolling"); *Hartz v. United States*, 419 Fed. Appx. 782, 783 (9th Cir. 2011) (unpublished) (affirming dismissal of federal habeas petition where petitioner "simply missed the statute of limitations deadline by one day"); *Lookingbill v. Cockrell*, 293 F.3d 256, 265 (5th Cir. 2002) ("[w]e consistently have denied tolling even where the petition was only a few days late"); *United States v. Locke*, 471 U.S. 84, 100–01 (1985) ("If 1-day late filings are acceptable, 10-day late filings might be equally acceptable, and so on in a cascade of exceptions that would engulf the rule erected by the filing deadline . . . A filing deadline cannot be complied with, substantially or otherwise, by filing late—even by one day.").

This Petition was due July 15, 2012. It was filed on November 3, 2014. The Petition is untimely.

### IV. EVIDENTIARY HEARING

An evidentiary hearing is not warranted regarding Petitioner's claims, including equitable tolling, because the record is sufficiently developed to resolve this question. A habeas petitioner asserting equitable tolling "should receive an evidentiary hearing when he makes 'a good-faith allegation that would, if true, entitle him to equitable tolling.'" *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006) (quoting *Laws v. Lamarque*, 351 F.3d

919, 919 (9th Cir. 2003). Petitioner has not asserted grounds for equitable tolling, and an evidentiary hearing is not required.

## CONCLUSION

The record is sufficiently developed and the Court does not find that an evidentiary hearing is necessary for resolution of this matter. *See Rhoades v. Henry*, 638 F.3d 1027, 1041 (9th Cir. 2011). Based on the above analysis, the Court finds that Petitioner's claims are untimely. The Court will therefore recommend that the Petition for Writ of Habeas Corpus (Doc. 1) be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the

///

///

1  Magistrate Judge will be considered a waiver of a party's right to appellate review of the
2  findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report
3  and Recommendation. *See* Fed. R. Civ. P. 72.
4        Dated this 16th day of December, 2015.

                                          Honorable John Z. Boyle
                                          United States Magistrate Judge